[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION ON MOTION FOR SUMMER VISITATION
The defendant has moved for additional time for vacation from June 19, 1992 to September 2, 1992. He has also set forth the times which would be available to the plaintiff for vacation time with the minor child Daniel.
There are two things about the schedule which the court finds not in Daniel's best interest. The first is that it would give the defendant 41 days and the plaintiff only 33 days but of a total of 74 days for the period in question. The defendant's schedule would require the vacation period with him to end on one day and the time with the plaintiff to begin on the next day.
While the court has listened carefully to all of the testimony of the doctors, the court's impression is that Doctors Brain and Spotts were merely reflecting the defendant's thinking. Dr. Perlswig's evaluation appeared to be more independent but also was flawed since he did not see all of the parties. Neither did Dr. Brain or Dr. Spotts.
It is the court's opinion that it would be an unusual child who did not react to the tension between his parents and to the continuing litigation on visitation and vacation which appears to be the only way these parties can make decisions.
In the court's opinion the following vacation schedule CT Page 6352 is in Daniel's best interest:
1. As previously ordered, June 19th to July 3rd, 1992, vacation with Mr. Gordon.
2. July 10th to July 24th, 1992, vacation with Mrs. Ivanina.
3. July 31st to August 14th, 1992, vacation with Mr. Gordon.
4. August 17th until August 31st, 1992, vacation with Mrs. Ivanina.
All pick up of Daniel in Greenwich shall be no earlier than 10:00 a.m. at the airport in White Plains and all returns shall be no later than 6:00 p. m. also at the airport in White Plains. Mrs. Ivanina is responsible for transporting Daniel to and from the White Plains airport at the times indicated above.
The same order with respect to telephone calls as set forth in the memorandum of decision dated June 17, 1992 concerning the first period of visitation shall continue for all vacations and visits, both with respect to the times and the payment therefor.
Regular visitation shall be suspended during July and August. It shall resume on September 11, 1992, with the reduced schedule from Friday after school until Sunday at 7:00 p. m. every other week. In addition, the defendant may visit one evening a week during the week in which he does not have visitation on that weekend on 24 hours notice to the plaintiff. That visitation shall be from the close of school to 8:00 p. m. Pickup and delivery for that purpose shall be at Mrs. Ivanina's mother's house.
It is so ordered.
MARGARET C. DRISCOLL STATE TRIAL REFEREE